**LAW OFFICE OF SAM A. SCHMIDT**
29 BROADWAY Suite 1412
NEW YORK, N.Y. 10006
(212) 346-4666
facsimile          (212)          346-4668

lawschmidt@aol.com

**Sam A. Schmidt, Esq.**
_____

August 16, 2022

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *US v. Robert Mason*
Docket No. 21 Cr. 499 (PAE)

Dear Judge Engelmayer:

    I am the attorney assigned to represent Mr. Mason pursuant to the Criminal Justice Act. Mr. Mason presently is released on bail with a curfew from 9 PM to 5:15 AM which may be modified by Pretrial Services as is necessary. He has been employed as a construction worker, usually Monday through Saturday.

    Mr. Mason has obtained an opportunity to work a second job as a part-time seasonal bike mechanic. *See* attached. He would be working the overnight shift at the depot at Pier 40 beginning tomorrow, August 17, 2022. I have been informed by pretrial services that two co-defendants are presently employed by the same company. It is my understanding that there have been no issues resulting from that. It is also my understanding that they both get sent to the locations where the bikes need work.

    Mr. Mason's bail conditions include no contact with co-defendants or any witnesses and I assume that co-defendants' bail have the same condition. Mr. Mason has already pled guilty and I believe that the other co-defendants have also pled guilty. Therefore, the main purpose of that condition is no longer relevant. Nevertheless, Mr. Mason will seek to avoid contact and communication with the co-defendants who are also employed by the same company.

    The government has informed me that they defer to Pretrial Services. Mr. Mason's Pretrial Officer has just informed me that it takes no position and defers to your Honor.

    Therefore, I respectfully request that Mr. Mason be able to work at the second job and that his bail conditions be modified to permit the work.

    Thank you for your Honor's consideration.

Sincerely,
/s/
Sam A. Schmidt

The Court has been notified that Pretrial Services objects to the proposed employment, because two co-defendants with respect to whom the defendant is subject to a no-contact condition work at the same company, and because the employment hours may interfere with the defendant's curfew. On this basis, the Court **DENIES** counsel's request – but without prejudice to a modified such request directed at addressing these concerns. The Court strongly encourages counsel to collaborate with Pretrial to determine whether there are modifications that can be made to the circumstances of employment and/or the defendant's curfew that would address these concerns. The Clerk of Court is requested to terminate the motion at Dkt. No. 174.

SO ORDERED.

8/17/2022

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge