UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------

UNITED STATES OF AMERICA,

-v-

ROBERT MASON,

Defendant.

------

21 Cr. 499 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves a counseled motion by defendant Robert Mason for compassionate release from Federal Correctional Institution Allenwood-Low ("FCI Allenwood"), pursuant to 18 U.S.C. § 3582(c)(1). For the reasons that follow, the Court denies the motion.

## I. Background

On May 15, 2025, the Court denied an initial motion from Mason for compassionate release. *See* Dkt. 358 ("CR Decision"). This order incorporates by reference the discussions there of the case background and the bases for denying relief.

### A. Mason's Offense Conduct, Plea, and Sentencing

In brief, Mason and seven others participated in a 21-months-long scheme in which they prodigiously sold crack cocaine in the Times Square area of midtown Manhattan, including to undercover detectives. CR Decision at 1. As detailed in the presentence report, Dkt. 229 ("PSR"), Mason and his co-defendants sold crack on nearly a 24-hour basis, with one "shift" arriving in the late morning and conducting sales until the late afternoon, when another "shift" would arrive and conduct sales through the early morning.

On July 21, 2022, Mason pled guilty, pursuant to a plea agreement, to conspiring to distribute and possess with intent to distribute 28 grams and more of crack cocaine, in violation

of 21 U.S.C. §§ 846 and 841(b)(1)(B). *See* Dkt. 195 (transcript of plea proceeding); Dkt. 264 (judgment). On November 15, 2022, the Court sentenced Mason to the mandatory minimum term of 60 months' (five years) imprisonment, to be followed by three years' supervised release. *See* Dkt. 353 ("Sent. Tr.") at 39; PSR at 27. He is scheduled to be released in June 2026. *See* Dkt. 351 at 3.

### B. Mason's First Motion for Compassionate Release

On March 25, 2025, Mason filed his first compassionate release motion, based on the commutations of the sentences of four of his co-defendants and on his cardiovascular and heart conditions. *See* Dkt. 349. On May 15, 2025, the Court denied the motion, for two reasons. First, neither basis supplied an extraordinary and compelling reason to reduce Mason's sentence. CR Decision at 7–12. As to the medical issues in particular, the Court found that Mason's medical conditions, although serious, were ones to which the Bureau of Prisons ("BOP") could attend and was attending, including via outside medical providers, and that his circumstances fell short of warranting early release under U.S.S.G. § 1B1.13(b)(l)(C). Second, the 18 U.S.C. § 3553(a) factors, viewed together, strongly disfavored early release. *Id.* at 12–14. In particular, the Court found, the "weighty" § 3553(a) factor of just punishment continued to warrant the sentence imposed. *Id.* at 12. The factors of specific deterrence and public protection also supported that outcome, particularly given that Mason had not been deterred from this offense by his substantial prior sentences. *Id.* at 13. The Court noted that, at sentencing, it had found the 60-month sentence "the lowest it can be consistent with" the § 3553(a) factors considered together," *id.* at 14 (quoting Sent. Tr. at 39), and "st[ood] by that assessment," concluding that a "60-month sentence was and is warranted for Mason. That is not changed . . . by Mason's current medical needs." *Id.* The Court noted that Mason was at liberty to file a renewed compassionate release motion in the event his medical conditions worsened. *Id.* at 11 n.5.

2

### C.     Mason's Current Motion

On May 22, 2025, seven days after the denial of Mason's first counseled motion for compassionate release, Mason filed his second such motion. Dkt. 364 ("Def. Mem."). This motion is based again on his poor health. *Id.*

On June 17, 2025, the Government opposed Mason's motion. Dkt. 370 ("Gov't Opp."). It argues that, since Mason's first compassionate release motion, he has "received continuous, prompt, and thorough medical care, including at highly ranked medical facilities to which he has been referred for surgery." *Id.* at 2. It detailed Mason's treatment since May 1, 2025[1] including a coronary artery bypass graft surgery, two in-person physical examinations, a sick call visit, chest x-rays and bloodwork panels, and two telehealth appointments. *Id.* at 2–4. And it noted that, as Mason acknowledges, Dkt. 372, he has been approved to participate in a physical therapy program, Gov't Opp. at 4.

On June 23 and 24, 2025, Mason filed supplemental letters with medical treatment updates. Dkts. 371–72.

### II.    Discussion

### A.     Standards Governing Compassionate Release Motions

"[U]pon motion of the defendant," and "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," the Court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

---

[1] As of the May 15, 2025 decision denying compassionate release, the Court had not been updated as to Mason's medical developments (largely consisting of continued treatment) between May 1 and 15, 2025. These would not have materially altered the Court's analysis of, or decision to deny, his initial motion.

3

The defendant bears the burden of proving he is entitled to compassionate release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (citations omitted)); *see also, e.g., United States v. Clarke*, No. 9 Cr. 705, 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010).

Originally, § 3582(c)(1)(A) did not permit defendants to initiate compassionate release proceedings; it required the BOP to seek such release on their behalf. *See United States v. Phillibert*, 557 F. Supp. 3d 456, 459 (S.D.N.Y. 2021). However, "[a]s part of the First Step Act of 2018, Congress authorized courts to reduce a term of imprisonment upon motion by a defendant." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (per curiam).

Although Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence, *United States v. Brooker*, 976 F.3d 228, 232 (2d Cir. 2020) (citing 28 U.S.C. § 994(t)), before November 1, 2023, the Sentencing Commission's only guidance on this point had been promulgated prior to the enactment of the First Step Act. This guidance thus applied only to a "motion of the Director of the Bureau of Prisons," *see* U.S.S.G. § 1B1.13 (historical note), and not "to compassionate release motions brought by defendants," *Brooker*, 976 F.3d at 236; accordingly, the Second Circuit held in 2020, this guidance "[could not] constrain district courts' discretion to consider whether any reasons [were] extraordinary and compelling" in such cases, *id. See also id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Thus, through November 1, 2023, when assessing a motion brought by an imprisoned defendant and not the BOP, a district court was not constrained by U.S.S.G. § 1B1.13's enumeration of extraordinary

4

and compelling reasons and could "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." *Id.* at 237.

Effective November 1, 2023, however, the Sentencing Commission amended the Guidelines to also cover defendant-initiated petitions. *See generally* U.S. Sent'g Comm'n, Amendments to the Sentencing Guidelines, 88 Fed. Reg. 28,254 (effective Nov. 1, 2023). The amended guidance from the Commission as to what constitutes extraordinary and compelling reasons now controls the analysis of a compassionate release petition, however initiated.

The Commission's updated guidance identifies six circumstances that, singly or in combination, may so qualify. U.S.S.G. § 1B1.13(b). These are:

- *Medical circumstances of the defendant.* U.S.S.G. § 1B1.13(b)(1). In addition to previously recognized circumstances such as a defendant suffering from a terminal illness or a serious medical condition, *id.* § 1B1.13(b)(1)(A)–(B), the amended guidelines direct courts to consider whether the defendant is "suffering from a medical condition that requires long-term or specialized medical care" that is not being provided in prison and without which the defendant is at risk of serious health deterioration or death, *id.* § 1B1.13(b)(1)(C), or is held at a facility affected by or at imminent risk of being affected by an outbreak of infectious disease or other "ongoing public health emergency declared by the appropriate federal, state, or local authority," where "due to personal health risk factors and custodial status," the defendant is at a greater risk of severe complications upon exposure, and where "such risk cannot be adequately mitigated in a timely manner." *Id.* § 1B1.13(b)(1)(D). This factor was informed by compassionate release decisions coming out of the COVID-19 pandemic. *See* U.S. Sent'g Comm'n, Guidelines Manual 2023: Supplement to Appendix C at 206 (Nov. 1, 2023).

- *Age of the defendant.* Coupled with a deterioration in physical or mental health corresponding with the aging process as well as the portion of the original sentence served at the time of a compassionate release motion, this may support sentence reduction. U.S.S.G. § 1B1.13(b)(2).

- *Family circumstances of the defendant.* Where the defendant is the "only available caregiver" for an immediate family member, this may support a sentence reduction. *See id.* § 1B1.13(b)(3).

- *Victim of abuse in custody.* Where the defendant while in custody on the sentence in question was a victim of sexual abuse, or physical abuse resulting in serious

5

bodily injury "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant," and the misconduct was "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding," this may support a sentence reduction. *Id.* § 1B1.13(b)(4).

- *Catchall provision.* Where a defendant presents "any other circumstance or [a] combination of circumstances" that themselves or with the above circumstances are similar in gravity to those above, such may support sentence reduction. *Id.* § 1B1.13(b)(5). The Commission "rejected a requirement that 'other reasons' be similar in nature and consequence to the specified reasons. Rather, they need be similar only in gravity[.]" U.S. Sent'g Comm'n, Guidelines Manual 2023: Supplement to Appendix C at 207 ("The Commission continues to believe . . . that judges are in a unique position to determine whether the circumstances warrant a reduction. Guidance beyond that provided in the amended policy statement regarding what circumstances or combination of circumstances are sufficiently extraordinary and compelling to warrant a reduction in sentence is best provided by reviewing courts." *Id.* (cleaned up).

- *Unusually long sentence plus changes in law.* Where a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances. *Id.* § 1B1.13(b)(6).

Finally, even if extraordinary and compelling reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

### B. Discussion

For largely the same reasons cited in the Court's prior denial of Mason's request, the Court finds a reduction in his sentence unwarranted.

First, Mason has not demonstrated that extraordinary and compelling circumstances warrant his release. Although Mason's medical conditions undeniably are serious and require treatment and rehabilitative care, the record since the denial of his initial motion reflects that the

6

BOP has attended to his needs and continues to do so, *see* Gov't Opp. at 2–4, albeit, from Mason's perspective, inconsistently and sometimes only after being prodded to act, *see* Def. Mem. at 2. Mason has not demonstrated concretely that the shortcomings he asserts in his medical treatment have put him in a situation that meets the governing standard for release, to wit, that the prisoner is being denied "long-term or specialized medical care" without which he is at risk of serious health deterioration or death. U.S.S.G. § 1B1.13(b)(l)(C).

Importantly, Mason has now had open heart surgery—specifically, coronary artery bypass graft surgery—to address his coronary artery disease. *See* Dkt. 349 at 5–6; Def. Mem. at 2. The record lacks any indication that that procedure was unsuccessful. *See* Gov't Opp. at 2–4; *id.*, Exs. B–E (medical records). To the extent that Mason's new motion relies on his need for post-surgical physical therapy as a basis for compassionate release relief, he concedes that he has been approved for a rehabilitation program and that he has had in-person physical examinations, including by a retained physician. *See* Dkt. 372.

Mason's medical needs, though considerable, thus still do not support a reduction in sentence, when measured against § 1B1.13(b)(l)(C) and the caselaw applying it. *See, e.g.*, *United States v. Pouryan*, No. 11 Cr. 111, 2023 WL 2456503, at *2 (S.D.N.Y. Mar. 9, 2023) (although defendant "does suffer from many of his alleged medical conditions," his medical records "establish that he has received regular treatment and care for those conditions," and thus he "has not demonstrated that the BOP cannot adequately address his medical needs" (citation omitted)); *United States v. Lawrence*, No. 19 Cr. 437, 2022 WL 4000904, at *4 (S.D.N.Y. Sept. 1, 2022) (denying sentence reduction where defendant "has not demonstrated that the BOP cannot adequately address his medical needs"); *United States v. Lora*, No. 16 Cr. 44, 2022 WL 1055749, at *4 (S.D.N.Y. Apr. 8, 2022) (similar); *United States v. Mood*, No. 19 Cr. 113, 2021

7

WL 242482, at *1 (S.D.N.Y. Jan. 25, 2021) (similar); *United States v. Zubkov*, 460 F. Supp. 3d 450, 455 (S.D.N.Y. 2020) (similar); *United States v. Brady*, No. 18 Cr. 316, 2020 WL 2512100, at *3–4 (S.D.N.Y. May 15, 2020) (similar).[2]

Second, the § 3553(a) factors, in totality, still do not justify a reduction in the original sentence. The one significant changed circumstance since sentencing is Mason's worsened health. It bears on the § 3553(a) factor requiring the Court to fashion a sentence that will "provide the defendant with needed . . . medical care." 18 U.S.C. §§ 3553(a)(1), (2)(D). But, as reviewed above, the BOP is capable of providing that care and has done so. And, as set out in detail in the Court's denial of Mason's first application for compassionate release, CR Decision at 12–14, the § 3553(a) factors taken as a whole support the sentence imposed. Of these, the Court has assessed, the need for the sentence imposed to "provide just punishment for the offense" particularly strongly favors Mason's 60-month prison sentence, and the interests in specific deterrence and incapacitation are also advanced by that sentence. In short, Mason and his co-conspirators distributed formidable amounts of crack cocaine nearly round-the-clock for almost two years, and did so in a highly populated area of New York City. That dangerous and socially destructive conduct continues to demand a substantial sentence. And because Mason engaged in these crimes undeterred by his prior convictions and sentences, a substantial prison sentence is necessary to deter recidivism and, while it is being served, will protect the public against the regrettably real risk of recidivism.

---

[2] The Court continues to stand ready to intervene with an appropriate order in the event that Mason is being denied required medical care. Mason also remains at liberty to make a renewed compassionate release motion, in the event his circumstances materially worsen to the point of meeting the governing standard.

The Court accordingly denies Mason's motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A) (release permissible only if compatible with § 3553(a) factors); *see, e.g., United States v. Del Rosario*, No. 12 Cr. 81 (PAE), 2024 WL 5054912, at *6–7 (S.D.N.Y. Dec. 10, 2024) (§ 3553(a) factors, considered "in combination," disfavored early release); *United States v. Butler*, No. 18 Cr. 834-10 (PAE), 2022 WL 17968627, at *3 (S.D.N.Y. Dec. 27, 2022) (similar); *United States v. Wright*, No. 15 Cr. 445-3 (PAE), 2022 WL 134870, at *5 (S.D.N.Y. Jan. 13, 2022) (similar); *United States v. Hope*, 464 F. Supp. 3d 646, 650 (S.D.N.Y. 2020) (similar).

## CONCLUSION

For the reasons stated, the Court denies Mason's motion for compassionate release.

The Clerk of Court is respectfully directed to terminate the motions pending at Dockets 364 and 370.

SO ORDERED.

*[signature: Paul A. Engelmayer]*

PAUL A. ENGELMAYER
United States District Judge

Dated: June 30, 2025
New York, New York